the residue of said cargo consisting of other spirits of turpentine, hereinafter mentioned, and resin, tar and tobacco, the several claims heretofore filed, were on the same day, upon consideration, rejected. But, forasmuch as the ownership of the said tobacco, tar and resin, and last mentioned spirits of turpentine, did not as yet certainly appear, the adjudication of the question of prize or no prize, was for the present postponed as to the same. Forasmuch however, as the said remaining spirits of turpentine as to which adjudication is postponed as aforesaid, the same being in casks of the marks and numbers following, that is to say, P 40 barrels, "B" 50 barrels, "W" 29 barrels, and "R" 15 barrels, "D" 50 barrels, "S" 60 barrels, "J" 38 barrels, "L" 20 barrels, and N 6 half barrels (according to the bills of lading), cannot remain longer on board of the said vessel, and from evaporation, which will increase as the hotter season approaches, will undergo loss and deterioration if it should remain longer unsold, therefore it was by the said judge at the same time ordered that the said remaining spirits of turpentine be sold as perishable, and that the marshal publicly sell the same according to the course and practice of the court and bring the proceeds into the registry of the court to abide its order and direction.

---

DISTRICT COURT.                                    MARCH 28, 1862.

ADMIRALTY.

## KENDALL *v.* JOHN MASON & CO.

## (THE CAROLINE A. WHITE.)

Libel in personam on a charter party. Plea to the jurisdiction overruled.

LIBEL on contract of affreightment.

*J. Hill Martin,* for libellant.
*Benjamin Gerhard,* for respondent.

## CADWALADER, J.

THIS is a plea to the jurisdiction of the court on an action in personam on a charter party of affreightment.

The Supreme Court of the United States has lately decided the question in favor of the jurisdiction of admiralty over actions in *personam,* in contracts of affreightment, in the case of Morewood *v.* Enequist, 23 Howard, 493. I overrule the plea.

---

DISTRICT COURT.                                 MAY 31, 1862.
                        ADMIRALTY.

## THE CAROLINE A. WHITE.

1. Under a contract of affreightment, containing no provision that the payment of demurrage shall depend upon the earning of freight, demurrage for extra detention at an intermediate port of an entire voyage becomes absolutely due at such port, and is recoverable though the vessel is lost in the return voyage.

2. The legal application of a word should always be uniform unless a necessary reason for modifying its application can be shown.

3. Advances on account of freight are recoverable when no freight is earned. It is otherwise as to payments.

LIBEL FOR DEMURRAGE.

## CADWALADER, J.

This is a suit for demurrage, under a charter party for a voyage from Philadelphia to Cuba, and back to Philadelphia, New York or Boston. As to freight, the stipulations of the charter party were, for the purposes of the case, the same, in effect, as if a single freight had been payable for the entire voyage. The vessel was to be dispatched as soon as possible, and in no event to be detained beyond fifteen days. For loading and discharging in Cuba, thirty lay days were allowed. The charter party contained the words "demurrage, if any be incurred, $25 per day." The vessel having been detained in Cuba more than thirty lay days, the libellants demand, for this extra detention, demurrage at the stipulated

36